UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INLAND PAPERBOARD AND PACKAGING INC. AND TRU-TECH GROUP, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:02-cv-1623-RLY-WTL |
| SIHL GMBH | ) ) | |
| Defendant and Counter-claimant, | ) ) ) | |
| vs. | ) ) | |
| INLAND PAPERBOARD AND PACKAGING INC. AND TRU-TECH GROUP, INC., | ) ) ) ) | |
| Counter-defendants. | ) | |

**ORDER ON SIHL'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF THE '702, '984 AND '395 PATENTS**

Plaintiffs/Counter-defendants Tru-Tech Group, Inc. ("Tru-Tech") and Inland Paperboard and Packaging Inc. ("Inland") (collectively "Plaintiffs") filed suit against Defendant/Counter-claimant Sihl GmbH ("Sihl") for infringement of United States Patent Nos. 5,244,702 (the "'702 patent"), 6,652,984 (the "'984 patent"), and 6,797,395 (the

1

"'395 patent") (collectively the "patents-in-suit"[1]).  On December 20, 2004, Sihl filed a motion for summary judgment on grounds that Tru-Tech misled the PTO into granting the '984 and the '395 patents by misrepresenting the priority dates of these patents. Specifically, Sihl alleged that Tru-Tech misrepresented the priority chain through a series of intermediate patents between the '702 patent and the '984 patent.  Those intermediate patents are United States Patent Nos. 5,962,099 (the "'099 patent"), 6,235,386 (the "'386 patent"), and 6,706,388 (the "'388 patent").  Sihl therefore contends that the '984 and the '395 patents are invalid as anticipated by the '702 patent, and that all three patents-in-suit are unenforceable due to Tru-Tech's inequitable conduct in prosecuting the '984 and '395 patents.

On January 24, 2005, Plaintiffs filed their response to Sihl's motion for summary judgment, indicating that Tru-Tech had repeatedly notified the PTO of its priority claims, and that the stated priorities within each of these patents had been verified for correctness by the PTO.  Plaintiffs further contend that Tru-Tech was in the process of filing requests for certificates of correction to clarify the priority chain within these patents as verified by the PTO.

On March 30, 2005, Tru-Tech filed three Petitions to Accept Unintentionally Delayed Claims of Priority Under 37 C.F.R. § 1.78(a)(3) with the PTO along with three

---

[1] Tru-Tech is the owner of the patents-in-suit and handles all substantive prosecution issues.  Inland Paperboard is the exclusive licensee of the patents-in-suit and pays for prosecution costs.  Thus, all filings with the United States Patent and Trademark Office ("PTO") are made in the name of Tru-Tech.

Certificates of Correction in order to clarify the chain of priority within the patents-in-suit. *See* Plaintiffs' Opposition to Defendant's Motion to Compel the Deposition of S. Richard Carden and for Reasonable Expenses, Petitions to Accept Unintentionally Delayed Claims of Priority Under 37 C.F.R. § 1.78(a)(3) for U.S. Patent Nos. 5,962,099, 6,235,386 and 6,706,388, Ex. 3, Tabs A, B, and C; Certificates of Correction for U.S. Patent Nos. 5,962,099, 6,235,386 and 6,706,388, Ex. 3, Tabs D, E, and F. If the PTO accepts these documents, it appears that Sihl's argument for invalidity would be moot. Moreover, Sihl's claim that Tru-Tech committed inequitable conduct is always an issue best left for the jury, as the inquiry requires the court to delve into the intent of Tru-Tech at the time it filed the subject patent applications. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995). For these reasons, the court hereby **DENIES** Sihl's motion for summary judgment. The court will reconsider this motion if the PTO denies Tru-Tech's Petitions to Accept Unintentionally Delayed Claims of Priority Under 37 C.F.R. § 1.78(a)(3) and its Certificates of Correction with regard to the patents-in-suit.

**SO ORDERED** this  21st  day of June 2005.

```
                                    _____
                                    RICHARD L. YOUNG, JUDGE
                                    United States District Court
                                    Southern District of Indiana
```

Electronic Copies to:

Paul Henry Berghoff
MCDONNELL BOEHNEN HULBERT & BERGHOFF
berghoff@mbhb.com

Christopher A. Brown
WOODARD EMHARDT NAUGHTON MORIARTY & MCNETT
cab@uspatent.com

S. Richard Carden
MCDONNELL BOEHNEN HULBERT & BERGHOFF
banks@mbhb.com

C. David Emhardt
WOODARD EMHARDT NAUGHTON MORIARTY & MCNETT
demhardt@uspatent.com

Peter F. Felfe
FULBRIGHT & JAWORSKI LLP
pfelfe@fulbright.com

David Michael Frischkorn
MCDONNELL BOEHNEN HULBERT & BERGHOFF
frischkorn@mbhb.com

Daniel Mark Gantt
FULBRIGHT & JAWORSKI LLP
dmgantt@fulbright.com

Bruce Jenkins Koch
FULBRIGHT & JAWORSKI, LLP
bkoch@fulbright.com

John F. Prescott Jr
ICE MILLER
john.prescott@icemiller.com

Michael A. Swift
ICE MILLER
michael.swift@icemiller.com

Jay G. Taylor
ICE MILLER
jay.taylor@icemiller.com

Thomas Eric Wettermann
MCDONNELL BOEHNEN HULBERT & BERGHOFF
wettermann@mbhb.com